**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| R.Z., | Civil Action No. 24-7638 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff R.Z. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning August 5, 2019. A hearing was held before ALJ Nicholas Cerulli (the "ALJ") on January 29, 2024, and the ALJ issued an unfavorable decision on March 4, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of March 4, 2024, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain additional exertional and environmental limitations. At step four, the ALJ also found that Plaintiff is able to perform her past relevant work as a payroll clerk. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with two arguments: 1) at step two, the ALJ erred by finding Plaintiff's mental health impairments non-severe, and, at step four, the ALJ erred by omitting from the RFC limitations due to mental health impairments ; and 2) at step four, the ALJ erred by omitting from the RFC limitations due to diverticulitis.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's appeal rests on a series of arguments which contend, generally, that the ALJ failed to do something that the law requires. The problem for Plaintiff, however, in one word, is: Shinseki. It is not enough to show the presence of an error. Pursuant to Shinseki, Plaintiff bears the burden of proving that she was harmed by this error. Plaintiff's brief, however, fails to recognize this. Instead of demonstrating that any alleged error was material and prejudicial, Plaintiff argues only that the ALJ erred. At steps two and four, Plaintiff bears the burden of proof of disability; on appeal, Shinseki requires, additionally, that Plaintiff show that an error was harmful. None of Plaintiff's arguments are even directed to satisfying the requirements of Shinseki. Since Plaintiff, on appeal, must demonstrate that an error was harmful, but has failed to do so, the Court concludes that Plaintiff has not satisfied the requirements of Shinseki.

Plaintiff first argues that the ALJ erred in failing to find that Plaintiff's mental health condition was a severe impairment at step two. At step two, the ALJ found the following severe impairments: diverticulitis, osteoarthritis, paroxysmal atrial fibrillation, hypertension, and chronic obstructive pulmonary disease. (Tr. 16.)

The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

3

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-8. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.") In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow." McCrea, 370 F.3d at 357.

This Court finds that the ALJ erred at step two in not finding that Plaintiff's depression qualified as a severe impairment. Because any doubt must be resolved in favor of the applicant, and because the ALJ acknowledged the evidence of depressive symptoms in the record (Tr. 23), the ALJ's step two decision is in error. Nonetheless, Plaintiff has failed to demonstrate that she was prejudiced by this error, as required by Shinseki. At step two, the ALJ found five other severe impairments. Had the total count been six, instead of five, it would not have made any difference to the outcome. This Court finds no prejudice to Plaintiff in the error at step two. Plaintiff has failed to persuade this Court that the error at step two harmed her.

Federal Rule of Civil Procedure 61 states: "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." This

4

Court finds that the ALJ's error at step two did not affect Plaintiff's substantial rights under the Social Security Act. It can only be harmless error.

Plaintiff next challenges the residual functional capacity determination at step four, arguing that the ALJ erred by failing to include limitations arising from Plaintiff's mental health condition, as well as from her diverticulitis. Both of these arguments must fail because Plaintiff fails to meet the requirements of Shinseki by pointing to evidence of record which, if credited, would support the inclusion of additional limitations in the RFC.

As to Plaintiff's mental health conditions, the Court inquires first: what evidence of record supports finding a limitation to the capacity to work? Plaintiff's brief points only to medical evidence that, at times, Plaintiff has suffered from depression and anxiety. (Pl.'s Br. at 18-19.) Plaintiff does not, however, point to any medical evidence that either the depression or the anxiety has limited Plaintiff's ability to engage in work. In fact, Plaintiff's brief does not allege any specific way or ways that depression or anxiety work to actually limit Plaintiff's ability to work. Because of this, this Court can only find that the ALJ's determination that Plaintiff's mental health conditions do not limit her residual functional capacity is supported by substantial evidence – the absence of any medical evidence that mental health conditions limit her ability to work.

As to Plaintiff's argument about the absence of RFC limitations related to her diverticulitis, the Court finds the same problem: Plaintiff has cited no medical evidence that supports a finding that the diverticulitis limits her ability to work. Plaintiff argues: "the ALJ is not free to ignore the practical implications of this impairment in the RFC." (Pl.'s Br. at 14.) The problem for Plaintiff is that she does not cite any evidence which demonstrates what the

5

practical limitations of her diverticulitis are. Plaintiff does not point to any evidence that the diverticulitis limits her ability to work that the ALJ overlooked. Again, because of this, this Court can only find that the ALJ's determination that Plaintiff's diverticulitis does not limit her residual functional capacity is supported by substantial evidence – the absence of any medical evidence that diverticulitis limits her ability to work.

Plaintiff contends that an analogous case is Williams v. Comm'r, SSA, 2019 U.S. Dist. LEXIS 160659 (D.N.J. Sep. 20, 2019), in which the district court remanded a case in which the claimant contended that the ALJ had overlooked the impact of high urinary frequency on the ability to work. The problem for Plaintiff is that the Williams court reversed and remanded the decision under Burnett, for failure to explain the reasoning for the ALJ's decision sufficiently to allow meaningful judicial review. Id. at *7. In the instant case, this Court has not found any such obstacle to meaningful judicial review. Williams is not analogous.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 2, 2025